# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAMES DONALD VANCALLIS,

      Defendant-Appellant.

UNPUBLISHED
December 6, 2018

No. 332514
Macomb Circuit Court
LC No. 2014-004654-FC

ON REMAND

Before: STEPHENS, P.J., and CAVANAUGH and K. F. KELLY, JJ.

PER CURIAM.

STEPHENS, J. (*Dissenting).*

I respectfully dissent from the majority and would remand this matter for a Ginther hearing. In this case counsel made a request for assistance of experts and never expended those funds. Two separate requests for expert assistance were made and separately granted with each being allocated two thousand five hundred dollars. The areas of expertise included not only eye witness identification but also crime scene investigation. In making the request defense counsel was required to demonstrate the relevance of the requested expert and demonstrate in some fashion how the expert would assist the defense. *People v Ackley*, 497 Mich 381, 388; 870 NW2d 858 (2015). The majority opinion highlights that this case was one where technical evidence as well as eyewitness identification evidence was of significance. Appellate counsel's brief addressed only the eyewitness issues. In his timely Standard 4 brief the defendant raised concerns about the failure to obtain or utilize a crime scene investigation expert and requested a Ginther hearing. The majority opinion analyzes the eye witness identification aspect of the case and note correctly that defense counsel was an effective examiner on that issue. The majority does not address the crime scene expert request.

Focusing on eye witness testimony alone the majority writes "A]bsent a Ginther[] hearing, we are left to guess why defense counsel declined to produce an expert on eyewitness identification. But one may assume that defense counsel believed that the issue was properly explored during trial." The Standard 4 brief agrees that the review of the challenge to the defense counsel's failure to utilize any expert testimony is left to assumption. It is inappropriate

-1-

to ask the in pro per who ferreted out an arguably meritorious issue overlooked by appointed counsel, to better articulate how expert testimony he never got would have affected the outcome of his case. Given the prosecutions use of crime scene investigation expert computer generated evidence at trial and the trial court's specific grant of funds to address this issue, I would remand this matter to the trial court for a Ginther hearing where the assumptions as to trial counsel's basis for declining to hire or use an expert could be put to bed. I would also afford appellate counsel the unexpended funds allocated by the trial court in its July 20 order to explore the efficacy of any expert crime scene.

/s/ Cynthia Diane Stephens